## *In re* LEAVITT'S ESTATE.

*(Surrogate's Court, New York County, June, 1892.)*

EXECUTOR—WHEN HE SHOULD GIVE BOND AS SURVIVING PARTNER.

> It having been provided by articles of copartnership that on the death of one of two partners, the surviving partner might agree with the representative of the decedent as to the continuation or sale of the business, *held*, that as, on the death of one of the partners, the only executor who qualified was the surviving partner, and as he could not therefore agree with himself as to the matters mentioned in the articles, he should, pending an appeal by him as to the amount due to the estate by the firm, give bond, under Code Civ. Pro. sec. 2687, subd. 3, for the funds (representing decedent's interest in the firm) retained by him as executor, the testator's widow and one of the petitioners having consented to such retention pending the convenient winding up of the business.

Petition to revoke letters testamentary and to remove an executor and testamentary trustee.

Josephine A. Knubley and Margaret Robert Leavitt petitioned for the removal, and the revocation of letters testamentary of John Howard Foote, executor and trustee of Henry M. Leavitt, deceased, on the ground that as surviving partner of deceased he had continued the business in which they had been enaaged, and had retained in the business a sum of money representing the interest of decedent in the firm, admitted to be due the estate.

Robinson, Biddle & Ward, for petitioners; Miron Winslow, for executor.

RANSOM, S.—Application to revoke letters and to remove testamentary trustee. The ground for the application relates to the disposition of a fund of $30,000, which represents the interest of decedent in a firm of which the respondent is sole surviving partner. It remains (the larger part) still invested in the business at six per cent. interest. The articles of copartnership provided that "in case of death of either party the business shall be settled up as soon thereafter as may be deemed expedient by consent of the survivor and the legal representatives of the party so dying, and the interest of each shall be determined and the business continued or sold as may be mutually agreed upon." But one of the executors qualified— the surviving partner—and it seems clear that under the circumstances he could not agree (as executor) with himself (as surviving partner) as to the matters referred to in the copartnership articles. There would be an absolute disqualification on his part.

The respondent shows that shortly after testator's death the widow and one of the petitioners herein wrote the respondent that the interest of testator in the business might be continued until such time as respondent could conveniently arrange to close it without embarrassment or loss to him or any interruption to the success of the business. It is certain that up to the present time no complaint has been made of the conduct of the

executor on this score. It is equally plain that the executor fears a possible embarrassment of his business may be caused by the withdrawal of this large sum from the capital of his concern. The petitioners allege, but cannot be said to have established, the financial irresponsibility of the respondent.

On the accounting of the executor there was a contest as to the amount due to the estate from the firm. The referee allowed certain deductions, but was overruled by the surrogate, whose decision was affirmed at General Term. An appeal is now pending to the Court of Appeals. The prosecution of this appeal by this respondent will not be prejudiced by the determination of this application in favor of petitioners, as the judgment against respondent is personal as well as official, and he can personally prosecute the appeal notwithstanding his letters may have been revoked.

The suggestion of respondent that the estate may suffer if there is an immediate liquidation of the business forced by the necessity of paying the estate the balance due from the firm, is not reconcilable with his other statements, where he seeks to impress the court with his undoubted financial responsibility. The fund is earning six per cent. interest in the executor's hands, which is considerably in excess of the income usually derived from investment of trust funds. But the investment is not sanctioned by the law, and it may be that the estate would have the right to hold the executor to account for a sum in excess of six per cent. if by its illegal investment in respondent's business it has earned a greater rate of profit. Section 2685, subdivision 2, makes an investment in securities unauthorized by law ground for revocation of letters. Under section 2687, subdivision 3, the surrogate may direct the executor to give a bond within five days where the circumstances of the executor are such that they do not afford adequate security to persons interested. I think that under the circumstances this latter provision should be required.

The respondent must give a bond as provided in section 2687, subdivision 3, for the funds retained by him as executor.